```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF UTAH
_____

ROBERT PEDOCKIE,              )   MEMORANDUM DECISION &
                              )   DISMISSAL ORDER
         Petitioner,          )
                              )
    v.                        )   Case No. 2:11-CV-824 TC
                              )
ALFRED BIGELOW,               )
                              )   District Judge Tena Campbell
         Respondent.          )
_____
```

Petitioner, Robert Pedockie, an inmate at Utah State Prison, filed a federal habeas corpus petition here, in which he challenges his imprisonment. He is serving a ten-to-life sentence on a conviction for first-degree aggravated kidnaping.

This petition appears to contest, under 28 U.S.C. § 2254, his sentencing, and, under 28 U.S.C. § 2241, the consequent execution of his sentence. Under § 2254, he apparently argues that he was sentenced to an unconstitutional indeterminate sentence.

Under § 2241, he appears to argue, among other similar possibilities, that the Utah Board of Parole and Pardons (BOP) improperly executed his sentence by using aggravating circumstances, not proven in court, to determine the length of his sentence within his sentencing range, and by not following "the matrix" which would have limited his time served to nine-to-ten years.

On April 4, 2012, this Court issued an order to show cause[1] requiring Plaintiff to within thirty days to explain why, despite the following analysis of his issues, he should be allowed to proceed with his petition. Petitioner responded on May 4, 2012.[2]

## ANALYSIS

### a. Utah's Indeterminate Sentencing Scheme

Petitioner attacks the constitutionality of Utah's indeterminate-sentencing scheme. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). Accordingly, the Court denies relief on the basis of this § 2254 claim.

### b. Questions of State Law

The Court next addresses all of Petitioner's possible assertions under § 2241 that he was entitled to an earlier release, based on "the matrix"; that BOP did not protect his constitutional rights in determining whether to grant him parole (by following guidelines, among other things); and, that *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (Utah 1993), was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the

---

[1] Docket No. 6.

[2] Docket No. 9.

Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2012).  As to BOP's decision about the length of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights.  Nor can he do so effectively.  After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span of ten-to-life.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection.  *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

   The Court also considers Petitioner's possible arguments about due process in parole determinations under the law set forth in *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (Utah 1993).  *Labrum* is Utah law and is not controlling in this federal court.  It is well-settled that a federal court may grant habeas relief only for violations of the United States Constitution or laws of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Errors of state law do not constitute a basis for relief.  *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Accordingly, Petitioner has no valid argument here based on state law.

**CONCLUSION**

Petitioner's response to the order to show cause, in which he rehashed discredited reasons why indeterminate sentences should be invalidated, did nothing to convince the Court that its analysis is incorrect.

IT IS THEREFORE ORDERED that the petition is DENIED. This case is CLOSED.

DATED this 5th day of June, 2012.

BY THE COURT:

*/s/ Tena Campbell*
_____
TENA CAMPBELL
United States District Judge